```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

LORIE BOWDOIN,                        :
                                      :
    Petitioner,                       :
                                      :
vs.                                   :   CIVIL ACTION 04-00566-CG-B
                                      :
WARDEN DEESE,                         :
                                      :
    Respondent.                       :

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner currently in the custody of Respondent, filed the instant habeas corpus petition attacking the revocation of her probation, pursuant to 28 U.S.C. §2254. (Doc. 1). This matter is now before the undersigned Magistrate Judge on Petitioner's petition, respondent's answer, responses, and exhibits filed by the parties.  Following a careful review of the records and exhibits, the undersigned finds that there are sufficient facts and information upon which the issues under consideration may be properly resolved.  Therefore, no evidentiary hearing is required upon the issues. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 12 (1992).

## FINDINGS OF FACT

1. Petitioner's probation was revoked by the Circuit Court of Mobile County on November 21, 2003, following a revocation hearing wherein it was determined that Petitioner had been arraigned on new

1

charges of receiving stolen property. (Doc. 11, P. 30). Prior to the revocation, Petitioner had been serving two concurrent, five-year terms of probation on separate convictions for receiving stolen property, and theft of property.[1] (Doc. 11, P. 12, 17, 18, 26).

 2.  Petitioner, on January 15, 2004, appealed the decision to revoke her probation.  Her appeal was denied as untimely filed by the Alabama Court of Criminal Appeals on January 28, 2004. (Doc. 11, P. 21).  Petitioner then filed with the trial court consecutive motions to reinstate her probation.  Both motions were denied by the trial court. Id.

 3. On May 25, 2004, Petitioner appealed the trial court's denial of her motion for reinstatement of her probation.  The Alabama Court of Criminal Appeals concluded that the denial of her motion for reinstatement of her probation was a non-appealable order, and dismissed her appeal on June 18, 2004. (Doc. 11, P. 22).

---

[1]Case CC-000219, Petitioner pled guilty to one charge of theft of property on May 1, 2000, and was sentenced to five years imprisonment, 90 days of which was to be served in a "jail-like facility", and the remainder of the sentence suspended pending Petitioner's good behavior for five years. Petitioner was also placed on probation. (Doc. 11, p. 12)

In Case CC-002308, Petitioner pled guilty, on January 10, 2002, to one count of receiving stolen property, second degree. Petitioner was sentenced to ten years imprisonment, split to five years imprisonment in a "jail-like" facility, credit for time served, and the balance of the sentence suspended pending Petitioner's good behavior for five years.  Later, on April 18, 2003, Petitioner's request for modification of sentence was granted, and she was placed on probation. (Doc. 11, p. 27)

Petitioner then filed with the trial court a Motion to Amend her sentence.  The motion was denied on August 27, 2004. Id.

4.   On August 27, 2004, Petitioner filed the instant petition for a writ of habeas corpus, setting forth five claims in support of her request for habeas relief: 1)her plea of guilty was made involuntarily; 2) her conviction was reached on the basis of evidence obtained during the course of an unlawful arrest; 3) the State failed to disclose evidence favorable to Petitioner; 4)  she received ineffective assistance of counsel; and 5) she was denied the right to appeal.

5.   Petitioner has not filed a Rule 32 petition challenging her probation revocation in the Alabama state courts.

6.   In its Answer, Respondent contends that Petitioner's federal habeas petition is due to be dismissed because Petitioner has not filed a Rule 32 petition; therefore, she failed to exhaust her claims in the Alabama state courts.[2]

7.   In an Order dated November 12, 2004 (Doc. 12), Petitioner was ordered to demonstrate by December 20, 2004, that she had exhausted her claims in state court, or in the alternative, to show cause why she failed to exhaust her claims, and to demonstrate the prejudice she would suffer if this Court refused to entertain her petition. To date, Petitioner has filed no response to the Court's Order.

---

[2]Respondent filed its Answer in November 2004.  At that time, the one-year limitations period governing Petitioner's ability to file a Rule 32 petition had not expired.

**CONCLUSIONS OF LAW**

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that Petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas Petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). The exhaustion

doctrine also requires that a Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.  The threshold question here is whether Petitioner fully and fairly presented her habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process.

The record shows that while Petitioner filed an untimely appeal of the trial court's decision,[3] she did not file a motion for post-conviction relief under Rule 32, which is the proper vehicle for challenging a probation revocation. Paige v. Hooks, 2001 U.S. Dist. Lexis 6624 (S.D. Ala. 2001).  Rule 32 is a procedural mechanism for seeking post-conviction relief and is promulgated under the rule making authority of the Alabama Supreme Court. Arthur v. State, 820 So.2d 886, 890 (Ala.Crim.App. 2001). The state of Alabama is not obligated to provide this means of post-conviction relief United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086 (1976), but to the extent that it does so

---

[3]On January 27, 2004, the Alabama Court of Criminal Appeals rejected Petitioner's appeal as untimely filed. (Doc. 11, P. 21).

provide, Rule 32 is a state law remedy which must be pursued before the federal courts will entertain the claims contained in federal habeas petition.

Where, as here, the Petitioner has failed to exhaust state remedies that are no longer available[4], that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice or the fundamental miscarriage of justice exception is established. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("[a] defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[i]f a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper

---

[4] A one-year limitations period applies to petitions for post-conviction relief. Rule 32(c), Ala.R.Crim.P. The failure to file a Rule 32 petition within the one-year limitations period establishes a jurisdictional defect, and prevents a court from entertaining any petition filed outside the limitations period. Arthur v. State, 820 So.2d 886, 889 (Ala.Crimm.App. 2001). It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts, and the state court remedy is no longer available, the failure also constitutes a procedural bar. McNair v. Campbell, 416 F.3d 1291, 1305 (11th. Cir 2005). Such claim is also procedurally defaulted for purposes of federal habeas relief. Id.

manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

"Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish "prejudice," the Petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986).

Although Petitioner has been afforded the opportunity to demonstrate cause and prejudice for her default with regard to her habeas claim, she has failed to make any showing in this regard. Accordingly, the Court finds that Petitioner has failed to establish cause and prejudice as those terms are defined by

7

law, and has failed to establish that a denial of review constitutes a fundamental miscarriage of justice. Accordingly, Petitioner's habeas claim is procedurally barred in this Court and is due to be dismissed.

## CONCLUSION

The undersigned recommends that this action be dismissed without prejudice because Petitioner has failed to exhaust her available state remedies.

The attached sheet contains important information regarding this report and recommendation.

**DONE** this **2nd** day of **August 2006.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this

action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  SONJA  F.  BIVINS
**UNITED STATES MAGISTRATE JUDGE**